IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| RM YOGURT HAWAII LLC,<br><br>Plaintiff,<br><br>vs.<br><br>RED MANGO FRANCHISING COMPANY, DANIEL KIM, and DOE DEFENDANTS 1–20,<br><br>Defendants. | CIVIL NO. CV 10-00157HG-KSC<br><br>**MEMORANDUM IN SUPPORT** |

## MEMORANDUM IN SUPPORT

Defendants Red Mango Franchising Company ("Red Mango") and Daniel Kim (together "Defendants") move to dismiss this suit for improper venue.

### I. INTRODUCTION

Plaintiff is RM Yogurt Hawaii LLC, a Hawai'i limited liability company (though Plaintiff formally identified itself to Defendants as Red Mango Hawaii, LLC). Defendants are Red Mango Franchising Company, a California corporation with its principal offices in Dallas, Texas, and Daniel Kim, an individual residing in Dallas, Texas.

On at least three occasions, Plaintiff and its principal owners unconditionally agreed in writing that any lawsuit with Red Mango would be filed—exclusively—in the forum where Red Mango's principal place of business is located at the time the suit is initiated.

It is undisputed that on or about January 25, 2008, Plaintiff entered into a written Area Development Agreement with Red Mango to obtain exclusive rights to develop RED MANGO® yogurt stores in Hawai'i. *See* Plaintiff's Complaint ¶¶ 11–14. A copy of the Area Development Agreement is attached as Exhibit A.

Section 10.14 of the Area Development Agreement contains the following forum-selection clause:

> **Courts**. The parties agree that any action brought by either party against the other in any court, whether federal or state, shall be brought within the state and federal judicial district in which FRANCHISOR has its principal place of business at the time the action is initiated, and the parties hereby waive all questions of personal jurisdiction or venue for the purpose of carrying out this provision.

Section 10.15 of the Area Development Agreement also contains the following choice of law provision:

> **Governing Law**. The parties acknowledge that this Agreement is granted by a California corporation and a substantial portion of performance under this Agreement will take place in California. Therefore, the parties agree that the laws of California (without

giving effect to any conflict of laws) shall govern enforcement of this Agreement, excepting, however, the provisions of <u>Sections 8.1</u> and <u>8.2</u> of this Agreement (and to the extent applicable, <u>Section 8.3</u> of this Agreement) respecting Non-Competition Covenants which shall be governed in accordance with the laws of the States where the Default of said section occurs.

Contemporaneous with the execution of the Area Development Agreement on or about January 25, 2008, each individual owner of Plaintiff (identified as Alex Choi, David Kim, and John Park) signed a Guarantee of Agreements with Red Mango personally guaranteeing performance of Plaintiff's obligations under the Area Development Agreement. A copy of the Guarantee of Agreements is attached as Exhibit B.

Section 12 of the Guarantee of Agreements contains the following choice of law and forum-selection clause:

> <u>Governing Law and Venue.</u> This Guarantee shall be governed by and construed in accordance with the laws of the State of California, without reference to conflict of law principles. Any controversy or claim arising out of or relating to the Guarantee, including any claim that this Guarantee or any part hereof is invalid, illegal, or otherwise voidable or void, shall be brought within the state and federal judicial district in which COMPANY has its principal place of business at the time the action is initiated, and GUARANTORS hereby waive all questions of personal jurisdiction or venue for the purpose of carrying out this provision.

Finally, when executing the Area Development Agreement and Guarantee of Agreements on or about January 25, 2008, Plaintiff and

each of its principal owners executed a General Release Agreement with Red Mango for any and all claims occurring prior to such date. A copy of the General Release Agreement is attached as Exhibit C. The General Release Agreement will be a core issue in this suit.

Section 7.9 of the General Release Agreement contains the following choice of law and forum-selection clause:

> This Release Agreement shall be governed by and construed in accordance with the laws of the State of California, without reference to conflict of law principles. The parties agree that any action brought by either party against the other in any court, whether federal or state, shall be brought within the state and federal judicial district in which FRANCHISOR has its principal place of business at the time the action is initiated, and the parties hereby waive all questions of personal jurisdiction or venue for the purpose of carrying out this provision.

At the time that the Area Development Agreement, Guarantee of Agreements, and General Release Agreement (collectively "Agreements") were signed in January 2008, Red Mango was headquartered in the State of California. In 2009, Red Mango officially relocated its principal place of business to Dallas, Texas, where it is still based today.

On February 16, 2010, Plaintiff filed a Complaint for Damages, Injunctive Relief, and Demand for a Jury Trial in the Circuit Court of the First Circuit, State of Hawai'i (the "State Action"). On March 18, 2010,

Defendants timely removed the State Action to the United States District Court for the District of Hawai'i based on diversity.

Venue is improper in the state courts of Hawai'i and in the United States District Court for the District of Hawai'i because multiple valid and enforceable forum-selection clauses govern the contractual relationship between the parties—and any litigation between them. Therefore, the Court should dismiss Plaintiff's suit for improper venue.

## II.  ARGUMENT

Although federal circuits are split on the proper procedure for challenging venue based on a forum-selection clause, the majority of circuits, including the Ninth Circuit, identify a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) as the appropriate mechanism. *See Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009).

Such a motion invokes 28 U.S.C. § 1406(a), which requires the court "in which is filed a case laying venue in the wrong division" to dismiss the suit upon timely objection or, in the interest of justice, transfer the case to a district where the suit should have been brought. 28 U.S.C. § 1406(a). Here, venue is improper because the Agreements include three valid forum-selection clauses that state the Northern District of

5

Texas (i.e. the federal judicial district in which Red Mango has its principal place of business at the time of the lawsuit) is the mandatory and exclusive venue for "any action" and "any controversy" that "shall be brought" by the Plaintiff (or its principals) against Red Mango. Exhibit A at 16, ¶ 10.14; Exhibit B at 3, ¶ 12; and Exhibit C at 3, ¶ 7.9.

### A. The Court Should Dismiss This Lawsuit for Improper Venue Because Plaintiff Ignored Valid and Mandatory Forum-Selection Clauses that Govern the Agreements and Any Litigation Between the Parties.

The Court should dismiss this case because the parties executed at least three separate written Agreements that contain forum-selection clauses requiring any claim, controversy or dispute arising from the contracts to be filed in the state or federal judicial district in which Red Mango has its principal place of business at the time the action is initiated. Pursuant to these clauses, exclusive venue lies in the Northern District of Texas. *See* Exhibit A at 16, ¶ 10.14; Exhibit B at 3, ¶ 12; Exhibit C at 3, ¶ 7.9. The forum-selection clauses in the Agreements are valid, binding, and mandatory. *See Marsh USA, Inc. v. Karasaki*, Civ. No. 08-00149 SOM/KSC, 2008 U.S. Dist. LEXIS 33070, at *19–20 (D. Haw. April 22, 2008). Accordingly, the Court should dismiss the lawsuit for improper venue.

### 1.   *The Forum-Selection Clause Is Valid.*

A forum-selection clause is presumed valid and should be enforced, "absent a strong showing that it should be set aside." *Id.* at *20 (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)). The party challenging the validity of the forum-selection clause bears a "heavy burden of proof" and must "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or over-reaching." *Id.*

### 2.   *The Forum-Selection Clause Is Mandatory.*

Even if a forum-selection clause is valid, the Court must also determine if the clause is mandatory or permissive. *Id.* at *22. A forum-selection clause is mandatory and enforceable when the language in the clause indicates that jurisdiction is exclusive. *See Docksider, Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989).

When determining whether a forum-selection clause is mandatory, courts apply federal rules of contract construction. *See Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). In particular, "[c]ontract terms are to be given their ordinary meaning, and when the terms of the contract are clear, the intent of the parties must be ascertained from the contract itself . . . [and] the plain language of the

contract should be considered first." *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999). The "primary rule of interpretation" is that the common or normal meaning of language will be given to the words of a contract unless circumstances show that in a particular case a special meaning should be attached to it. *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987).

The Ninth Circuit requires forum-selection clauses to contain language that clearly requires exclusive jurisdiction and the clauses at issue here fully satisfy this requirement. *See Northern Cal. Dist. Council of Laborers v. Pittsburgh-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 1995) ("shall be enforceable" clause held permissive, not enforceable); *Hunt Wesson Foods, Inc.*, 817 F.2d at 77 ("shall have jurisdiction" clause held permissive, not mandatory); *Cf. Pelleport Investors, Inc. v. Budco Quality Theaters, Inc.*, 741 F.2d 273, 275 (9th Cir. 1984) ("shall be litigated only in [Los Angeles]" deemed mandatory); *Docksider, Ltd.*, 875 F.2d at 764 (clause held mandatory where additional language added stating "venue . . . shall be deemed to be in [Virginia]").

Similar to the mandatory clauses used in *Pelleport* and *Docksider*, the forum-selection clauses in the Agreements at issue clearly use mandatory language for venue. First, the parties' Agreements use plain language and require that ***any*** claim or ***any*** controversy brought by either party, in ***any*** court, whether federal or state, ***shall be brought*** within the state or federal district in which Red Mango has its principal place of business at the time the action is initiated. *See* Exhibit A at 16, ¶ 10.14; Exhibit B at 3, ¶ 12; and Exhibit C at 3, ¶ 7.9. Since Red Mango's principal place of business—both presently and when Plaintiff's suit was initiated in February 2010—is in Dallas, Texas, the plain meaning of the forum-selection clauses requires that any claim brought by Plaintiff, whether in state or federal court, ***shall*** be brought in the state or federal judicial district courts located in Dallas, Texas.

Furthermore, unlike the clause used in *Hunt Wesson Foods*, the forum-selection clauses here do not merely state that the parties consent to the jurisdiction of the state and federal courts located in Dallas, Texas. Rather, the forum selection clauses specifically provide that the parties "waive all questions of personal jurisdiction or venue for the purpose of carrying out this provision." *See* Exhibit A, at 16, ¶ 10.14;

9

Exhibit B at 3, ¶ 12; and Exhibit C at 3, ¶ 7.9. Thus, Plaintiff expressly waived all questions of venue, not merely personal jurisdiction.

Using federal rules of contract construction, the Court should find that the forum-selection clauses in the Agreements are mandatory because they require exclusive jurisdiction in the courts located in Dallas, Texas. Accordingly, the Court should dismiss this case because the courts in Hawai'i are an improper venue under the valid and mandatory forum-selection clauses in the Agreements that were negotiated, approved and signed by Plaintiff and each of its individual owners.

### 3. The Forum-Selection Clause Extends to Daniel Kim.

The Ninth Circuit applies a valid forum-selection clause to a non-signatory where the alleged conduct of the non-signatory is closely related to the larger contractual relationship between the parties. *Holland America Line Inc. v. Wartsila North America, Inc.*, 485 F.3d 450, 456 (9th Cir. 2007). In an analogous case, the Ninth Circuit determined that a valid forum-selection clause applied to non-signatory defendants, where only one defendant signed the contract. *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 (9th Cir. 1988). The court explained that "a range of transaction participants, parties

and non-parties, should benefit from and be subject to forum selection clauses." *Id.* at 514 n.5 (quoting *Clinton v. Janger*, 583 F. Supp. 284, 290 (N.D. Ill. 1984)).

The alleged conduct of Daniel Kim, a non-signatory to the Agreements (except in his capacity as an authorized signator for Red Mango), is so closely related to the larger contractual relationship between the parties that the forum-selection clause should also apply to him. Daniel Kim signed the Agreements solely as a duly authorized representative of Red Mango. Plaintiff's claims against Daniel Kim, individually, arise from his alleged conduct relating to these Agreements. Specifically, Plaintiff alleges breaches of Hawai'i Investment Laws, misrepresentation, breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. *See* Plaintiff's Complaint ¶¶ 10–20. Accordingly, the forum-selection clause governing the larger contractual relationship between Plaintiff and Red Mango should also extend to Daniel Kim because he is a transaction participant.

B.    **Dismissal, Rather Than Transfer, Is Appropriate Here Under 28 U.S.C. § 1406(a) Because There Is a Valid and Enforceable Forum-Selection Clause.**

Although the Court has a choice in whether to dismiss or transfer an action due to improper venue under 28 U.S.C. § 1406(a), the Ninth Circuit favors dismissal and "requires a transfer…only in cases where it is in the 'interest of justice.'" *Costlow v. Weeks*, 790 F.2d 1486, 1486 (9th Cir. 1986). Where the plaintiff has the option of selecting either a state court or a United States District Court as a proper venue for its lawsuit against defendants under a valid forum-selection clause, dismissal, rather than transfer, is appropriate. *See Marsh USA, Inc.,* No. 08-00149 SOM/KSC, 2008 U.S. Dist. LEXIS 33070, at *25. Accordingly, the Court should dismiss this case, rather than transfer, because the courts in Hawai'i are an improper venue under the valid and mandatory forum-selection clauses in the Agreements between the parties, which provide for proper venue in either the Texas state courts or the United States District Court for the Northern District of Texas.

### III. CONCLUSION

Because Plaintiff filed suit in an improper forum, the Court should dismiss Plaintiff's suit.

DATED: Honolulu, Hawai'i, March 29, 2010.

        CADES SCHUTTE
        A Limited Liability Law Partnership


        <u>/s/ Dennis W. Chong Kee</u>

        DENNIS W. CHONG KEE
        CALVERT G. CHIPCHASE
        DOUGLAS D. FREDERICK
        Attorneys for Defendants
        RED MANGO FRANCHISING COMPANY
        and DANIEL KIM